UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

APPLEWOOD WINERY, LLC,

                                     Plaintiff,

            -v-                                       Civil Action No. _____

APPLEWOOD DISTILLERY, LLC

                                     Defendant.

_____

Plaintiff Applewood Winery, LLC ("Plaintiff" or "Applewood Winery"), for its complaint against defendant Applewood Distillery, LLC ("Defendant" or "Applewood Distillery") pleads and alleges as follows:

**NATURE AND BASIS OF THE ACTION**

1.        This action is brought by Applewood Winery against Applewood Distillery under the Lanham Act, 15 U.S.C. § 1125, and state law seeking preliminary and permanent injunctive relief, declaratory judgment, profits, damages, and other relief relating to Defendant's use and planned use of the mark APPLEWOOD DISTILLERY and similar marks in connection with distilled spirits.

2.        Plaintiff Applewood Winery and its predecessor have continuously used the trademark APPLEWOOD WINERY in commerce in connection with wine since 1994 in New York State and especially around Warwick, NY, and as such developed strong common law rights in the trademark.

3.      Defendant has been advertising and imminently plans to open a distillery on property adjacent to the operations of Applewood Winery in Warwick, NY under the mark APPLEWOOD DISTILLERY or a similar name.

4.      Defendant has full knowledge of Plaintiff's long-established APPLEWOOD WINERY trademark rights.  Defendant's current advertising and imminent plan to open a distillery under a confusingly similar name constitutes unfair competition and infringement of the APPLEWOOD WINERY trademark because the dominant portions of the marks are identical and the goods associated with each mark are highly related.

**PARTIES**

5.      Applewood Winery is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 82 Four Corners Road, Warwick, NY 10990.  The principal manager and agent of Applewood Winery is Jonathan Hull.

6.      Applewood Distillery is a limited liability company organized and existing under the laws of New York, with its principal place of business at 82 Four Corners Road, Warwick, NY 10990. The principal manager and agent of Applewood Distillery is Peter Hull, brother of Jonathan Hull of Applewood Winery.

7.      Defendant's application for a farm distillery license to the New York State Liquor Authority lists the address of the premises of its licensed distillery as 82 Four Corners Road, Warwick, NY 10990.

**JURISDICTION AND VENUE**

8.      The Court has subject matter jurisdiction over the false designation of origin and unfair competition claim pursuant to the Lanham Act, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

The Court has supplemental jurisdiction over the claims arising under state law pursuant to 28 U.S.C. § 1367(a).

9.      The Court has personal jurisdiction over Defendant because, upon information and belief, Defendant resides, is present, and does business in the State of New York and in the Southern District of New York.

10.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in the Southern District of New York and because a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiff's Longstanding APPLEWOOD WINERY Trademark

11.     David Hull was the father of Jonathan Hull (owner of Plaintiff) and Peter Hull (owner of Defendant).

12.     In 1994, David Hull established a business which was registered under the name Applewood Winery with a winery license from New York State.

13.     In 2001, David Hull formed Applewood Winery, LLC and, in 2002, transferred the winery license from Applewood Winery to a new company, Applewood Winery, LLC.

14.     In 2003, Applewood Winery, LLC and its winery license were transferred to Jonathan Hull, the current owner of Plaintiff Applewood Winery, LLC.

15.     Since 1994, Applewood Winery, LLC and its predecessor made and sold wine under the trademark APPLEWOOD WINERY.

16.     Applewood Winery pioneered the planting of Vinifera grape varieties in the Hudson Valley.

17.     Applewood Winery also produces apple wine and hard cider.

18.     The APPLEWOOD WINERY trademark is a distinctive term that has no meaning with respect to wine apart from its meaning as an indicator of the source of Applewood Winery's product to both to the trade and the consuming public.

19.     Applewood Winery owns New York State Trademark Registration No. R32563 for APPLEWOOD WINERY for wine in Class 033, which issued on May 11, 2015.  A copy of this registration is attached hereto as **Exhibit A**.

20.     Applewood Winery has a pending federal trademark application under U.S. Serial No. 86,580/181 for APPLEWOOD WINERY for, *inter alia*, wine in Class 033.

21.     Plaintiff's wine has been highly successful and is sold local to the winery in Warwick, NY and in New York, New Jersey and Connecticut via mail order, wine club, and internet sales.

22.     Applewood Winery has common law trademark rights to the term APPLEWOOD WINERY in connection with wine in New York, New Jersey, and Connecticut.

23.     Applewood Winery's common law trademark rights to the term APPLEWOOD WINERY in Warwick, NY date back to 1994.

24.     Applewood Winery invested and continues to invest significant assets promoting and advertising the APPLEWOOD WINERY trademark.

25.     Applewood maintains a website promoting the APPLEWOOD WINERY trademark at www.applewoodwinery.com, which was registered by Jonathan Hull on behalf of Applewood Winery on April 12, 2004.

26.     Applewood maintains a Twitter account under the username @ApplewoodWinery which was established in March 2010 and is used to promote APPLEWOOD WINERY wine.

4

27.     Applewood maintains a Facebook account at https://www.facebook.com/ApplewoodWinery which is used to promote APPLEWOOD WINERY wine.

28.     By virtue of Applewood Winery's substantial use, sales, and promotion of the APPLEWOOD WINERY mark in New York, New Jersey, and Connecticut, and the inherently distinctive nature of the mark, the APPLEWOOD WINERY mark has become a well-known mark, has become distinctive of Applewood Winery's products, and has come to serve to identify and indicate the source of Applewood Winery's product to consumers and the trade. Applewood Winery has developed for itself and its APPLEWOOD WINERY branded product substantial goodwill and an excellent reputation among actual and potential purchasers and drinkers of its products.

29.     In light of the distinctiveness of the APPLEWOOD WINERY mark, the duration and extent of Applewood Winery's sales, marketing, and use of the APPLEWOOD WINERY mark, the APPLEWOOD WINERY mark is distinctive and/or has acquired secondary meaning capable of dilution within the meaning of New York General Business Law § 360-*l*.

30.     On April 29, 2015, counsel for Applewood Winery sent Defendant a cease and desist letter noting that Defendant had not yet opened for business and requesting that, due to likely infringement, that Defendant select a different name.

31.     Defendant responded via an unsigned letter dated May 7, 2015 in which, rather than agreeing to cease use of the APPLEWOOD DISTILLERY mark, Defendant made the threat that it would "directly contact[] and coordinat[e] a group effort of other business entities nationwide who use 'Applewood' to describe their product to oppose granting either of the two

Federal Trademarks that [Applewood Winery] is requesting."   In the May 7, 2015 letter Defendant also accused Plaintiff of acting in a "shady" and "unethical" manner.

32.     Applewood Winery also has a pending federal trademark application under U.S. Serial No. 86/616,455 for APPLEWOOD for, *inter alia*, distilled spirits in Class 033 (the "Applewood Spirits Application").

33.     Applewood Winery filed the Applewood Spirits Application on an intent-to-use basis because Applewood Winery intends to sell spirits under the APPLEWOOD name.

34.     Applewood Winery, in preparation for its expansion into the sale of spirits, maintains  a  Facebook  page  at  https://www.facebook.com/pages/Applewood-Distillery/809983755722685 that displays the mark APPLEWOOD DISTILLERY and states: "Applewood Distillery is dedicated to creating the finest tree to bottle spirits in the Hudson Valley. Apple Vodka, Apple Jack and Pommeau's."

### Defendant's Adoption and Use of the Infringing Mark

35.     The owners of Plaintiff and Defendant are brothers, and each lives in Warwick, NY where Plaintiff and Defendant are located.

36.     As such, the owner of Applewood Distillery is fully aware of the scope and extent of Applewood Winery's use of the mark APPLEWOOD WINERY.

37.     On information and belief, decades after Applewood Winery first began using its APPLEWOOD mark, Defendant initiated plans to use the APPLEWOOD DISTILLERY mark in connection with distilled spirits.

38.     On February 15, 2015, Defendant filed with the New York State Department of State to form a limited liability company under the name APPLEWOOD DISTILLERY, LLC.

39.     On March 17, 2015, Defendant filed a class D distiller's license, also known as a farm distillery license, with the New York State Liquor Authority.  The status of this application is "pending."

40.     This application, if granted, would permit Defendant to distill spirits and to sell other New York State-labeled products including wine in direct competition with Applewood Winery.

41.     This application lists a premises address in Warwick, NY and premises name of APPLEWOOD DISTILLERY LLC.

42.     Accordingly, upon information and belief, Defendant plans to imminently open a distillery in Warwick, NY under the name APPLEWOOD DISTILLERY.

43.     Defendant maintains a webpage at http://www.applewooddistillery.com/ that displays the term "Applewood Distillery."

44.     Defendant has advertised under the name APPLEWOOD DISTILLERY in preparation of sales of distilled spirits under the name APPLEWOOD DISTILLERY.

45.     Upon information and belief, Defendant intends to use the mark APPLEWOOD DISTILLERY in connection with the distillation and sale of spirits in Warwick, NY.

46.     Upon information and belief, Defendant intends to sell wine at the premises operating under the name APPLEWOOD DISTILLERY.

47.     Upon information and belief, Defendant imminently plans to open a business under the mark APPLEWOOD DISTILLERY which will manufacture and/or sell distilled spirits and sell New York State-labeled wine made by third parties.

48.     Upon information and belief, Defendant alternatively and imminently plans to open a business under the mark APPLEWOOD ORCHARD DISTILLERY as is evidenced by the website https://www.facebook.com/ApplewoodDistillery.

49.     Defendant's aforementioned Facebook page states: "We plan to open for Apple season 2015 pending approval of State and Federal licenses."

50.     Defendant has advertised under the name APPLEWOOD ORCHARDS DISTILLERY in preparation of sales of distilled spirits under the name APPLEWOOD ORCHARDS DISTILLERY.

51.     Defendant intends to sell distilled spirits under the name APPLEWOOD ORCHARDS DISTILLERY.

52.     Upon information and belief, Defendant intends to sell wine produced by third-parties at the premises operating under the name APPLEWOOD ORCHARDS DISTILLERY.

53.     Because, upon information and belief, Defendant has not yet sold any spirits, Defendant has no common law trademark rights in the APPLEWOOD DISTILLERY or APPLEWOOD ORCHARDS DISTILLERY marks.

54.     Applewood Winery's common law rights to the term APPLEWOOD WINERY will predate by many years Defendant's putative use.

55.     Applewood Winery's New York State trademark registration for the term APPLEWOOD WINERY will predate Defendant's putative use.

**Likelihood of Confusion**

56.     Upon information and belief, Defendant plans to operate a distillery on property adjacent to Plaintiff's property in Warwick, NY under the name APPLEWOOD DISTILLERY

8

or APPLEWOOD ORCHARDS DISTILLERY (collectively referred to as the "APPLEWOOD DISTILLERY Marks").

57.     Regardless of which of the APPLEWOOD DISTILLERY Marks Defendant uses, consumer confusion is likely.

58.     Defendant has not now and never has been authorized by Applewood Winery to use the APPLEWOOD DISTILLERY Marks in connection with distilled spirits.

59.     The dominant portion of the mark APPLEWOOD WINERY is the word "Applewood."

60.     The dominant portion of the APPLEWOOD DISTILLERY Marks is the word "Applewood."

61.     The term "winery" is generic for or descriptive of a business that makes and/or sells wine.

62.     The term "distillery" is generic for or descriptive of a business that makes and/or sells distilled spirits.

63.     The term "orchard" is generic for or descriptive of a business that sells apple-related products.

64.     Applewood Winery currently sells wine.

65.     Applewood Winery intends to sell distilled spirits.

66.     Defendant intends to sell distilled spirits.

67.     Defendant intends to sell wine produced by third parties.

68.     Distilled spirits and wine are both alcoholic beverages.

69.     Distilled spirits and wine are all included in trademark International Classification 033.

9

70.     Distilled spirits and wine are typically sold to many of the same consumers.

71.     On information and belief, Defendant plans to sell its products in the same stores and same channels of trade as Applewood Winery's APPLEWOOD WINERY products.

72.     Wine and distilled spirits are related products.

73.     Defendant's use of the APPLEWOOD DISTILLERY Marks is likely to cause confusion, mistake, or deception of purchasers and the consuming public as to the source or origin of its goods and services. Actual and potential purchasers and consumers, upon encountering defendant's distilled spirits or advertisements bearing the APPLEWOOD DISTILLERY Marks are likely to mistakenly believe that its goods originate with, or are licensed, approved, or sponsored by, or otherwise affiliated with or related to Applewood Winery.

74.     Compounding the likelihood of confusion posed by defendant's use of the APPLEWOOD DISTILLERY Marks, is the fact that Defendant plans to open a distillery in the same town and adjacent to the location where Applewood Winery has been selling wine for decades.

75.     As described above, Defendant filed an LLC in New York State under the name APPLEWOOD DISTILLERY, LLC, filed an application for a farm distillery license under the name APPLEWOOD DISTILLERY, LLC, and advertised on at least https://www.facebook.com and http://www.applewooddistillery.com that Defendant plans to open a distillery under one of the APPLEWOOD DISTILLERY Marks in 2015.

76.     Defendant has a definite intent and apparent ability to commence use of an infringing mark.

77.     Defendant has made meaningful preparation for the infringing activity.

78.     As such, Defendant is currently advertising and imminently plans to open a distillery under one of the APPLEWOOD DISTILLERY Marks.

79.     Defendant's current advertising and imminent opening of a distillery under one of the APPLEWOOD DISTILLERY Marks constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a), statutory trademark infringement under N.Y. General Business Law 360-k, common law trademark infringement, common law unfair competition, trademark dilution under New York General Business Law Section 360-*l*.

80.     Accordingly, an actual, substantial, and justiciable controversy exists between Plaintiff and Defendant.

81.     Defendant recently began making defamatory statements against Applewood Winery.

82.     On April 18, 2015, a picture was added to Defendant's Facebook page that includes following text: "Applewood Winery is trying to steal our name – TELL'EM NO!  In the cold winter days of February we registered Applewood Distillery LLC and applied for Distilling licenses.  This week Applewood Winery LLC launched using OUR PRE-EXISTING NYS REGISTERED name.  Tell them that's DIRTY POOL and to try competing with IDEAS and PRODUCT rather than lawyers !!"

83.     The aforementioned picture text is also viewable on Defendant's webpage www.applewooddistillery.com/Applewood_Distillery/APPLEWOOD_DISTILLERY.html, and a copy of the picture is reproduced below:



"If someone has a company name, but has not trademarked it;
can I trademark it and sue them because of the name, even
though they used it first?"   *Click here if this sounds shady  ;-)*

84.     Defendant has thus publicly accused Applewood Winery of stealing, of playing

dirty pool, and acting in a shady manner.

85.     Each of these statements is false.

86.     Each of these statements was published online and is available to be viewed by

third parties.

87.     These false statements are causing and will continue to cause damage and

irreparable harm to Applewood Winery and to its valuable reputation and goodwill with

purchasers and consumers.

### FIRST CLAIM FOR RELIEF

**False Designation of Origin and Unfair Competition
15 U.S.C. § 1125(a)**

88.     Plaintiff repeats and realleges paragraphs 1 through 87 of this Complaint as if

fully set forth herein.

89.     This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

90.     Defendant advertised under the APPLEWOOD DISTILLERY Marks in preparation of sales of distilled spirits under the APPLEWOOD DISTILLERY Marks.

91.     Defendant imminently plans to open a business selling distilled spirits under the APPLEWOOD DISTILLERY Marks.

92.     By its unauthorized use of the APPLEWOOD DISTILLERY Marks, Defendant has falsely designated and/or imminently plans to falsely designate the origin of its products and services and has competed unfairly with Plaintiff, in violation of 15 U.S.C. § 1125(a).

93.     Defendant has also threatened coordinate and/or has already coordinated a group effort of other business entities nationwide who use "Applewood" to describe their product to oppose Plaintiff's federal trademark applications.  This further constitutes unfair competition.

94.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, or will suffer, loss of income, revenues, and goodwill.

95.     On information and belief, Defendant's acts and planned acts of false designation of origin and unfair competition have been done and/or or will be done willfully and deliberately and Defendant will profit and be unjustly enriched by sales that it would not otherwise have made but for its unlawful conduct.

96.     Defendant's acts and planned acts described above have caused and/or will cause injury and damages to Plaintiff, have caused and/or will cause irreparable injury to Plaintiff's goodwill and reputation, and, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

97.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial, and recovery of reasonable attorneys' fees and costs.

98.     Plaintiff is also entitled to a declaratory judgment that Defendant's actions and planned actions constitute or will constitute unfair competition under 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF

### Statutory Trademark Infringement
### N.Y. General Business Law 360-k

99.     Plaintiff repeats and re-alleges paragraphs 1 through 98 of the Complaint with the same full force and effect as if fully set forth herein.

100.    Plaintiff has a New York State trademark registration for the trademark APPLEWOOD WINERY in connection with "wine."

101.    Defendant's use and/or intended use of the APPLEWOOD WINERY Marks constitute trademark infringement in violation of N.Y. General Business Law 360-k.

102.    Defendant does not have the consent of Plaintiff to use the APPLEWOOD WINERY Marks.

103.    Defendant's use and/or intended use of the APPLEWOOD DISTILLERY Marks in connection with goods and services is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

104.    As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered, or will suffer loss of income, revenues, and goodwill.

105.    As a direct and proximate result of Defendant's trademark infringement, Defendant has acquired, or will acquire income, profits, and goodwill.

106.     Upon information and belief, Defendant's actions have been conducted in bad faith, maliciously, fraudulently, deliberately, and intentionally to inflict injury upon and divert sales from Plaintiff.

107.     Defendant's acts of infringement have caused, or will cause, irreparable injury to Plaintiff if Defendant is not enjoined by this Court from further violation of Plaintiff's rights.

108.     Plaintiff has no adequate remedy at law.

109.     As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial, and recovery of reasonable attorneys' fees and costs.

110.     Plaintiff is also entitled to a declaratory judgment that Defendant's actions constitute or will constitute statutory law trademark infringement under N.Y. General Business Law 360-k.

### **THIRD CLAIM FOR RELIEF**

### **Common Law Trademark Infringement**

111.     Plaintiff repeats and re-alleges paragraphs 1 through 110 of the Complaint with the same full force and effect as if fully set forth herein.

112.     Defendant's use and/or intended use of the APPLEWOOD DISTILLERY Marks constitutes trademark infringement of Plaintiff's APPLEWOOD WINERY Marks in violation of the common law of the State of New York.

113.     Defendant does not have the consent of Plaintiff to use the APPLEWOOD WINERY Marks.

114.     Defendant's use and/or intended use of marks confusingly similar to the APPLEWOOD WINERY mark in connection with alcoholic beverages and related goods and

services is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.

115.    As a direct and proximate result of Defendant's trademark infringement, Plaintiff has suffered, or will suffer loss of income, revenues, and goodwill.

116.    As a direct and proximate result of Defendant's trademark infringement, Defendant has acquired, or will acquire income, profits, and goodwill.

117.    Upon information and belief, Defendant's actions have been conducted with bad faith, maliciously, fraudulently, deliberately, and intentionally to inflict injury upon and divert sales from Plaintiff.

118.    Defendant's acts of infringement have caused, or will cause, irreparable injury to Plaintiff if Defendant is not enjoined by this Court from further violation of Plaintiff's rights.

119.    Plaintiff has no adequate remedy at law.

120.    As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial, and recovery of reasonable attorneys' fees and costs.

121.    Plaintiff is also entitled to a declaratory judgment that Defendant's actions constitute or will constitute common law trademark infringement

## FOURTH CLAIM FOR RELIEF

### Common Law Unfair Competition

122.    Plaintiff repeats and re-alleges paragraphs 1 through 121 of the Complaint with the same full force and effect as if fully set forth herein.

123.    Defendant's bad faith misappropriation of Plaintiff's trademark, in particular the use of a confusingly similar mark in connection with goods and services similar to those offered

by Plaintiff, constitutes and/or will constitute unfair competition and business practices in violation of the common law of the State of New York.

124.   Defendant has also threatened to coordinate and/or has already coordinated a group effort of other business entities nationwide who use "Applewood" to describe their product to oppose Plaintiff's federal trademark applications.  This further constitutes unfair competition.

125.   Upon information and belief, customers have been and will be actually confused and/or there is a strong likelihood of confusion as to the source of the goods at issue.

126.   As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial for diversion of sales, damage to goodwill, and/or loss of control over reputation, and recovery of reasonable attorneys' fees and costs.

127.   Plaintiff is also entitled to a declaratory judgment that Defendant's actions constitute or will constitute common law unfair competition.

## FIFTH CLAIM FOR RELIEF

### Trademark Dilution
### New York Gen. Bus. Law Section 360-*l*

128.   Plaintiff repeats and re-alleges paragraphs 1 through 127 of the Complaint with the same full force and effect as if fully set forth herein.

129.   Plaintiff has continuously promoted and used the trademark APPLEWOOD WINERY in commerce in New York, and said mark has thereby become famous and a well-known symbol of Plaintiff's goods.

130.   Defendant's use and/or planned use of the APPLEWOOD DISTILLERY Marks violates New York General Business Law § 360-*l* in that such use erodes the public's exclusive

17

identification of the famous trademark APPLEWOOD WINERY with Plaintiff, tarnishing and degrading the goodwill and reputation of Plaintiff and its trademark, and by blurring the distinctiveness of, and decreasing the ability of said trademark to identify and distinguish Plaintiff's goods.

131.    Defendant's use and/or intended use of the APPLEWOOD DISTILLERY Marks prior to and after opening will violate the common law of the State of New York, in that such use will erode the public's exclusive identification of the famous trademark APPLEWOOD WINERY with Plaintiff, tarnishing and degrading the goodwill and reputation of Plaintiff and its trademark, and by blurring the distinctiveness of, and decreasing the ability of said trademark to identify and distinguish Plaintiff's goods and services.

132.    Upon information and belief, Defendant's actions have been conducted in bad faith, maliciously, fraudulently, deliberately, and intentionally to inflict injury upon and divert sales from Plaintiff.

133.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, or will suffer loss of income, revenues, and goodwill.

134.    As a direct and proximate result of Defendant's wrongful conduct, Defendant has acquired, or will acquire income, profits, and goodwill.

135.    Without injunctive relief, Plaintiff has no way of preventing the continuing dilution of its trademark.

136.    Without injunctive relief, Plaintiff will suffer irreparable injury for which Plaintiff has no adequate remedy at law.

137.    As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial, and recovery of reasonable attorneys' fees and costs.

138.    Plaintiff is also entitled to a declaratory judgment that Defendant's actions constitute or will constitute trademark dilution under New York General Business Law § 360-*l*.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

139.    Plaintiff repeats and re-alleges paragraphs 1 through 138 of the Complaint with the same full force and effect as if fully set forth herein.

140.    By engaging in the conduct complained of herein, Defendant will, through its use of a mark confusingly similar to Plaintiff's trademarks, induce consumers to purchase goods and services from Defendants.

141.    By engaging in the conduct complained of herein, Defendant has been, or will be, unjustly enriched by its sale of distilled spirits and related products using a mark confusingly similar to Plaintiff's trademark.

142.    As a proximate result of Defendant's unlawful, fraudulent, and unfair conduct, Defendant will obtain revenues by which it will be unjustly enriched at Plaintiff's expense.

143.    Under the circumstances alleged herein, it would be unfair and inequitable for Defendant to retain income, profits, or goodwill it unjustly obtains at the expense of Plaintiff.

144.    Accordingly, Plaintiff seeks an order establishing Defendant as constructive trustee of any profits by which it is unjustly enriched, together with interest during the period when Defendant retains such funds, and requiring Defendant to disgorge those funds to Plaintiff.

## SEVENTH CLAIM FOR RELIEF

### Defamation

145.    Plaintiff repeats and re-alleges paragraphs 1 through 144 of the Complaint with the same full force and effect as if fully set forth herein.

146.    As described above, Defendant made false statements about Plaintiff.

147.    Defendant published these false statements on publicly available webpages.

148.    The publicly available webpages bearing Defendant's false statements are available to third parties.

149.    Defendant did not have Plaintiff's authorization to publish these false statements, nor were the statements privileged.

150.    The false statements complained of constitute defamation *per se* because they tend to injure Plaintiff in its trade, business, and profession.

151.    Upon information and belief, Defendant's actions have been conducted in bad faith, maliciously, fraudulently, deliberately, and intentionally to inflict injury upon and divert sales from Plaintiff.

152.    As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered, or will suffer, loss of income, revenues, and goodwill.

153.    Without injunctive relief, Plaintiff has no way of preventing the continuing defamation by Defendant.

154.    Without injunctive relief, Plaintiff will suffer irreparable injury for which Plaintiff has no adequate remedy at law.

155.   As a result of Defendant's wrongful conduct, Plaintiff is entitled to the preliminary and permanent injunctive relief, damages in an amount to be proven at trial, and recovery of reasonable attorneys' fees and costs.

156.   Plaintiff is also entitled to a declaratory judgment that Defendant's actions constitute defamation.

## EIGHTH CLAIM FOR RELIEF

### Preliminary and Permanent Injunction

157.   Plaintiff repeats and re-alleges paragraphs 1 through 156 of the Complaint with the same full force and effect as if fully set forth herein.

158.   The foregoing conduct by Defendant constitutes and will continue to constitute clear and deliberate violations of Plaintiff's rights to its trademark.

159.   Plaintiff has no adequate remedy at law to protect its interest in its trademark, which can only be addressed by the equitable remedy of a permanent injunction as sought by Plaintiff in this action, because Plaintiff has exhausted all remedies short of permanently enjoining Defendant from using a substantially similar mark.

160.   Defendant's acts have caused and/or will cause immediate, substantial, and irreparable harm to Plaintiff and have and/or will cause a strong likelihood of confusion, in that there is a significant likelihood of the irreparable loss of control over the reputation of Plaintiff's valid trademark.

161.   Moreover, upon information and belief, any money judgment Plaintiff may obtain against Defendant on this complaint will likely be ineffectual to compensate Plaintiff for it losses should Defendant be permitted to continue to infringe Plaintiff's mark, among other things.

162.     Upon information and belief, the balancing of the equities favors Plaintiff because Plaintiff can and will suffer irreparable injury and loss of over the reputation of its marks in the absence of an injunction, and such harm is greater than the harm which Defendant will suffer if the injunction is granted.

163.     As such, Plaintiff is entitled to and demands a preliminary and permanent injunction enjoining, restraining, and prohibiting Defendant, its members, employees, agents, attorneys, successors, assigns, and others acting under its control or on its behalf from:

a.      Selling, trading, advertising, promoting, or marketing distilled spirits, wine, and any ancillary products using the name APPLEWOOD DISTILLERY, APPLEWOOD ORCHARDS DISTILLERY, any mark that includes the word APPLEWOOD, and any other name confusingly similar to Plaintiff's APPLEWOOD WINERY trademark;

b.      Performing any acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that products or services sold, offered for sale, distributed, or transmitted by Defendant are authorized, sponsored, licensed, endorsed, promoted, condoned or approved by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

c.      Otherwise unfairly competing with Plaintiff;

d.      Making any defamatory statements relating to Plaintiff, this lawsuit, and Plaintiff's attempts to prevent Defendant from using an infringing trademark; and

e.      Such other and further relief as the court may deem just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant as follows:

A.       Preliminary and permanent injunction enjoining, restraining, and prohibiting Defendant, its members, employees, agents, attorneys, successors, assigns, and others acting under its control or on its behalf from:

1.       Selling, trading, advertising, promoting, or marketing distilled spirits, wine, and any ancillary products using the name APPLEWOOD DISTILLERY, APPLEWOOD ORCHARDS DISTILLERY, any mark that includes the word APPLEWOOD, and any other name confusingly similar to Plaintiff's APPLEWOOD WINERY trademark;

2.       Performing any acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that products or services sold, offered for sale, distributed, or transmitted by Defendant are authorized, sponsored, licensed, endorsed, promoted, condoned or approved by Plaintiff, or are otherwise affiliated with or connected to Plaintiff;

3.       Otherwise unfairly competing with Plaintiff;

4.       Making defamatory statements, whether online, in person, or otherwise relating to Plaintiff, Jonathan Hull, Plaintiff's products, this lawsuit, and Plaintiff's attempts to prevent Defendant from using an infringing trademark;

5.       Removing any publicly defamatory statements relating to Plaintiff, this lawsuit, and Plaintiff's attempts to prevent Defendant from using an infringing trademark

including but not limited to the statements referenced above on Defendant's website(s) and Facebook page(s); and

      6.     Such other and further relief as the court may deem just and proper;

B.     Declaratory judgment finding that Defendant's planned use of APPLEWOOD DISTILLERY, APPLEWOOD ORCHARDS DISTILLERY, any mark that includes the word APPLEWOOD, and any other name confusingly similar to Plaintiff's APPLEWOOD WINERY trademark will constitute false designation of origin and unfair competition under 15 U.S.C. § 1125(a), statutory trademark infringement under N.Y. General Business Law 360-k, common law trademark infringement, common law unfair competition, trademark dilution under New York General Business Law Section 360-*l*.

C.     Declaratory judgment finding that Defendant's current and past use of APPLEWOOD DISTILLERY and APPLEWOOD ORCHARDS DISTILLERY in advertising, promotion, and marketing constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a), statutory trademark infringement under N.Y. General Business Law 360-k, common law trademark infringement, common law unfair competition, trademark dilution under New York General Business Law Section 360-*l*.

D.     Ordering Defendant to pay for and cause to be disseminated corrective advertising to ameliorate the adverse consequences of Defendant's acts of trademark infringement, unfair competition, dilution, and defamation, the content, nature, form and extent of which is to be approved by plaintiffs and this Court;

E.     Ordering an accounting of any gains, profits, savings, and advantages realized or that will be realized by Defendant from its aforesaid acts of trademark infringement, unfair competition, dilution, unjust enrichment, and defamation;

F.      Awarding such damages, including disgorgement of any profits, as plaintiffs shall establish in consequence of defendant's aforesaid acts of trademark infringement, unfair competition, dilution, unjust enrichment, and defamation, together with appropriate interest thereon;

G.      Awarding treble damages and attorneys' fees pursuant to New York General Business Law § 360-k;

H.      Ordering defendant to recall from all chains of distribution any goods, product packaging, promotional materials, advertisements, and other items, the dissemination by Defendant of which would violate the injunction herein granted;

I.      Ordering Defendant to deactivate all web sites and deliver up for destruction any and all goods, product packaging, promotional materials, advertisements, and other items in the possession, custody, or control of Defendant which, if sold, displayed or used, would violate the injunction herein granted;

I.      Ordering that Defendant shall serve upon Plaintiff within thirty (30) days after service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

J.      Awarding Plaintiff its costs and expenses of this action including reasonable attorneys' fees;

    K.       Granting such other and further relief as this Court may deem just and proper.

Dated:   June 9, 2015

 

                                                              *s/James R. Muldoon*

Brendan M. Palfreyman (No. 9405)
James R. Muldoon (No. 1985)
HARRIS BEACH PLLC
333 W. Washington Street
Suite 200
Syracuse, New York 13202
Telephone: 315-423-7100
Facsimile: 315-422-9331
Email: bpalfreyman@harrisbeach.com

*Attorneys for Plaintiff Applewood Winery, LLC*